[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
BY THE DIVISION
Matthew Robinson, petitioner, was convicted after trial by jury of the crime of Murder, a violation of General Statute Sec. 53a-54a (a), which provides for a sentence of not less than 25 years incarceration to life (60 years incarceration). The petitioner was sentenced to 35 years incarceration. It is this sentence he seeks to have reviewed.
The jury reasonably could have found the following facts as reported inState v. Robinson, 56 Conn. App. 794, 795-96. "On May 19, 1997, at approximately 3:00 p.m., the defendant and the victim, Raymond Felix, were seen arguing outside the P.T. Barnum apartment complex in Bridgeport. During this argument, the defendant asked the victim, referring to a prior altercation, why the victim had shot him. The victim responded that he had shot the defendant because he thought the defendant was a "punk." The argument escalated and the defendant fired two shots at the victim. One bullet grazed the back of the victim's head and the second penetrated his chest and lung. The victim died from internal bleeding."
At the hearing before the Division counsel for petitioner represented that the petitioner denies knowing who shot the victim. Counsel indicated the only previous record of the petitioner is a drug conviction.
The petitioner addressed the Division and related that he is "looking for a chance to start over . . . I want to discipline myself, (so I) can learn and move forward."
The counsel for the State represented that the stare, at sentencing, requested a sentence of 45 years incarceration.
Pursuant to Practice Book §§ 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is CT Page 4020 inappropriate or disproportionate in light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provisions of Practice Book §§ 43-23 et seq., and General Statutes §§ 51-194 et seq.
Taking into consideration the intentional taking of the life of another human being, the sentence imposed was neither inappropriate nor disproportionate.
In reviewing the record as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Practice Book §§ 43-23 et seq.
The sentence is AFFIRMED.
 Miano, J. Holden, J. IANNOTTI, J.
Miano, J., Holden, J., and Iannotti, J. participated in this decision. CT Page 4021